**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**RICHARD GLANDA,**

   **Plaintiff,**     **CIVIL ACTION NO. 07-CV-13263**

 **vs.**          **DISTRICT JUDGE SEAN F. COX**

**TWENTY PACK**     **MAGISTRATE JUDGE MONA K. MAJZOUB**
**MANAGEMENT CORP,**
**et al.,**
   **Defendants.**
            /

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT'S MOTION TO COMPEL PRODUCTION (DOCKET NO. 8)**

This matter comes before the Court on Defendants' Motion to Compel Production of Harold Looney's Chart from Sunrise Assisted Living at North Farmington Hills filed on September 13, 2007. (Docket no. 8). There was no Response filed in this matter and Defendants stated in their Motion to Compel Production that "[P]laintiff counsel is not opposed to the relief being sought." (Docket no. 8 ¶ 6). This motion was referred to the undersigned for decision pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket no. 9). The Court heard argument from counsel on October 24, 2007. The matter is now ready for ruling.

Plaintiff brings this action on behalf of an individual who was allegedly sexually accosted by co-resident Harold Looney[1] while residing at Defendant Sunrise Assisted Living at North Farmington Hills.

Defendants filed this Motion to Compel Production seeking an order compelling Sunrise Assisted Living at North Farmington Hills to produce a copy of Mr. Looney's records. Defendants

---

[1] Harold Looney is not a party to this action.

also ask that the Court's order state that the documents are to be used strictly in connection with this lawsuit and not to be publicly revealed or distributed. Defendants argue that Mr. Looney's records are relevant to the issues of the case and that their discovery is proper. (Docket no. 8 ¶¶ 3, 4). Neither party has served any discovery formally requesting production of Mr. Looney's chart. Under Rule 37, Fed. R. Civ. P., Defendants' Motion to Compel as to Mr. Looney's chart is premature.

Rule 26, Fed. R. Civ. P., sets forth the scope of discovery and allows the Court to issue protective orders for good cause shown to protect a person from annoyance, embarrassment, oppression, or undue burden or expense. The parties do not argue that these records are privileged. They are therefore discoverable under Fed. R. Civ. P. 26. The records are, however, of such a nature that some protective measures should be taken to ensure that only persons having a legitimate need to see the records have access to them. The parties are therefore ordered to draft and submit to the Court an appropriate stipulated protective order.

Accordingly, Defendants' Motion to Compel Production of Harold Looney's Chart from Sunrise Assisted Living at North Farmington Hills will be denied in part and granted in part.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Compel Production (docket no. 8) is **DENIED** in part and **GRANTED** in part as set out above.

**IT IS FURTHER ORDERED** that the parties will submit to the Court a stipulated protective order on or before November 9, 2007.

**NOTICE TO THE PARTIES**

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: October 29, 2007         s/Mona K. Majzoub
                                MONA K. MAJZOUB
                                UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: October 29, 2007         s/ Lisa C. Bartlett
                                Courtroom Deputy