UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD GLANDA Personal
Representative of the Estate of
HELEN GLANDA,

       Plaintiff,

v.                                        Case No. 07-13263
                                        Hon. Sean F. Cox

TWENTY PACK MANAGEMENT
CORPORATION, et al.

       Defendants.

_____

## OPINION AND ORDER

This matter is before the Court on Defendant Twenty Pack Management Corporation's

Motion for Summary Judgment. Both parties have briefed the issues and a hearing was held

February 21, 2008. For the following reasons, the Court **DENIES** Defendant Twenty Pack

Management Corporation's Motion for Summary Judgment.

## I.    BACKGROUND

This action arises out of the allegedly negligent care received by Plaintiff's decedent,

Helen Glanda. Helen Glanda was a resident of the assisted living facility Sunrise Assisted

Living at North Farmington Hills ("facility"). On or about September 25, 2005, Helen Glanda

was sexually assaulted by another resident of the facility, Harold Looney.

On August 6, 2007, a Complaint was filed on behalf of Helen Glanda[1] against Twenty Pack Management ("Twenty Pack") and Sunrise Senior Living Management, Inc., ("Sunrise Senior Living"), alleging negligence for failing to protect Helen Glanda from the assault and failing to prohibit the access of other residents to her room.

Defendant Twenty Pack is the owner of the license to operate a Home for the Aged, as defined by Michigan law. Defendant Twenty Pack entered into a Management Agreement with Defendant Sunrise Senior Living on September 30, 2003. The parties dispute whether the terms of the Agreement and the conduct of the parties absolves Defendant Twenty Pack of liability for any negligence in the care and supervision of Helen Glanda. Defendant Twenty Pack filed the instant Motion for Summary Judgment on November 29, 2007. Plaintiff filed a Response on December 12, 2007. Defendant did not file a reply.

## II.    STANDARD OF REVIEW

Under Fed. R. Civ. P 56(c), summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Copeland v. Machulis*, 57 F.3d 476, 478 (6th Cir. 1995). A fact is "material" and precludes a grant of summary judgment if "proof of that fact would have [the] effect of establishing or refuting one of the essential elements of the cause of action or defense asserted by the parties, and would necessarily affect application of appropriate principle[s] of law to the rights and obligations of the parties." *Kendall v. Hoover Co.*, 751 F.2d

---

[1]The action was brought by Helen Glanda's husband, Richard Glanda as her guardian. However, Helen Glanda has since deceased and Richard Glanda is now the personal representative of her estate.

171, 174 (6th Cir. 1984). The court must view the evidence in the light most favorable to the nonmoving party and it must also draw all reasonable inferences in the nonmoving party's favor. *Cox v. Kentucky Dept. of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995).

## III. ANALYSIS

The issue for purposes of this Motion is not whether Defendants were negligent in the care and supervision of Helen Glanda, but whether Defendant Twenty Pack may be held liable for any negligence. In its Motion, Defendant argues that it is entitled to summary judgment because there can be no vicarious liability. Defendant relies on the Management Agreement between it and Sunrise Senior Living, arguing that Sunrise Senior Living is solely responsible for hiring, training, and supervision of facility staff. Defendant claims it has "no control over the agents of Sunrise who delivered care to Helen Glanda and Harold Looney, and no participation in any care rendered to those individuals." [Motion, p.6].

Plaintiff's Response asserts two theories of liability: (1) direct liability by virtue of Rule 325.1921 of the Licensing Rules for Homes for the Aged, promulgated by the Department of Human Services; and (2) vicarious liability based on an agency relationship created by both the Management Agreement between Defendants and the appointment of Patricia Henning as an authorized representative. Plaintiff directs the Court to Rule 325.1921 which provides in pertinent part:

> **R 325.1921 Governing bodies, administrators, and supervisors.**
> Rule 21. (1) The owner, operator, and governing body of a home shall do all of the following:
> (a) Assume full legal responsibility for the overall conduct and operation of the home.
> (b) Assure that the home maintains an organized program to provide room and board, protection, supervision, assistance, and supervised personal care for its residents.

\* \* \*

Defendant does not deny that it is the licensee for the Sunrise Assisted Living at North Farmington Hills.  Based on R325.1921, it appears Defendant Twenty Pack, as the owner and licensee of the home, has a non-delegable duty to accept liability for the allegedly negligent care received by Helen Glanda.  Defendant did not file a reply to Plaintiff's Response arguing against direct liability.  At the hearing, Defendant was asked if it was directly liable based on R325.1921.  Defendant did not offer any authority that it was not liable, instead arguing that it was not liable because the Management Agreement does not create an agency relationship.  However, the Management Agreement is of little relevance to the issue of direct liability under Michigan regulations.  Defendant concedes that it is the owner of the facility and the holder of the license.  Defendant cannot contract around its obligations imposed by Michigan regulations.

Accordingly, Defendant Twenty Pack may be held directly liable for negligence with respect to the care of Helen Glanda under Michigan regulations.  Because the Court finds there is direct liability, the Court does not reach the issue of whether there is also vicarious liability because of an alleged agency relationship.

### IV.    CONCLUSION

For the following reasons, the Court **DENIES** Defendant Twenty Pack Management Corporation's Motion for Summary Judgment.

**IT IS SO ORDERED.**


**s/Sean F. Cox**
**Sean F. Cox**
**United States District Judge**


**Dated:  March 6, 2008**

4

RICHARD GLANDA Personal
Representative of the Estate of
HELEN GLANDA,

        Plaintiff,

v.                                    Case No. 07-13263
                                       Hon. Sean F. Cox

TWENTY PACK MANAGEMENT
CORPORATION, et al.

        Defendants.

_____

## **PROOF OF SERVICE**

        I hereby certify that a copy of the foregoing document was served upon counsel of record

on March 6, 2008, by electronic and/or ordinary mail.

                              s/Jennifer Hernandez           
                              Case Manager