# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

RICHARD GLANDA,
**Personal Representative of**
the Estate of Helen Glanda,
        **Plaintiff,**

**CIVIL ACTION NO. 07-CV-13263**

**DISTRICT JUDGE SEAN F. COX**

   **vs.**

**MAGISTRATE JUDGE MONA K. MAJZOUB**

TWENTY PACK
MANAGEMENT CORP,
et al.,
        **Defendants.**
_____/

## OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL SUNRISE ASSISTED LIVING AT NORTH FARMINGTON HILLS TO PRODUCE THE MEDICAL RECORDS OF HAROLD LOONEY (DOCKET NO. 17)

This matter comes before the Court on Plaintiff's Motion to Compel Sunrise Assisted Living at North Farmington Hills to Produce the Medical Records of Harold Looney filed on November 29, 2007. (Docket no. 17). Defendants filed a Response to Plaintiff's Motion on December 4, 2007. (Docket no. 19). This motion was referred to the undersigned for decision pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket no. 18). The Court disposes with oral argument on this Motion. E.D. Mich. LR 7.1(e). (Docket no. 24).

Plaintiff brings this action on behalf of an individual[1] who was allegedly sexually accosted by co-resident Harold Looney[2] while residing at Defendant Sunrise Assisted Living at North Farmington Hills. On September 13, 2007 Defendants filed a Motion to Compel Production seeking an order compelling Sunrise Assisted Living at North Farmington Hills to produce a copy of Mr.

_____

[1]Attorneys for Plaintiff filed a Suggestion of Death on January 23, 2008 notifying that this individual died on November 15, 2007. (Docket no. 25).

[2]Harold Looney is not a party to this action.

Looney's records and asked that the Court further order that the documents be used strictly in connection with this lawsuit and not be publicly revealed or distributed. (Docket no. 8). Defendants' Motion to Compel as to Mr. Looney's chart was premature at that time because neither party had served any discovery requesting production of Mr. Looney's chart. Fed. R. Civ. P. 37. The Court Ordered the parties to submit to the Court a stipulated protective order on or before November 9, 2007. (Docket no. 14). The Court entered the parties' protective order on December 5, 2007. (Docket no. 20).

On November 12, 2007 Plaintiff sent Defendants a Request for the Production of Documents seeking a "complete copy of the medical records and/or chart for the care and treatment rendered to Harold Looney at Sunrise of North Farmington Hills." On November 15, 2007 Defendant filed an objection to Plaintiff's Request and stated that the records "can not (sic) be produced without a HIPPA Authorization signed by an appropriate person or an Order issued by the Court compelling production of those records." Defendants in their Response state that they have not provided the responsive documents only because they do not have a signed Authorization. (Docket no. 19). Defendants concur in Plaintiff's Motion and request that the Court grant Plaintiff's Motion to Compel and order Sunrise Assisted Living at North Farmington Hills to produce Harold Looney's medical records and chart. (Docket no. 19).

Pursuant to Fed. R. Civ. P. 37, the Court will order Defendant Sunrise Assisted Living at North Farmington Hills to produce documents responsive to Plaintiff's Request for a "complete copy of the medical records and/or chart for the care and treatment rendered to Harold Looney at Sunrise North Farmington Hills." The Court will further order that the documents will be produced pursuant to the December 5, 2007 Protective Order Regarding Records of Harold Looney. (Docket no. 20).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel Sunrise Assisted Living at North Farmington Hills to Produce the Medical Records of Harold Looney (docket no. 17) is **GRANTED** and Defendant is ordered to produce a complete copy of the medical records and/or chart for the care and treatment rendered to Harold Looney at Sunrise of North Farmington Hills on or before March 27, 2008 pursuant to the Protective Order Regarding Records of Harold Looney (docket no. 20).

### NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: March 13, 2008          s/ Mona K. Majzoub
                               MONA K. MAJZOUB
                               UNITED STATES MAGISTRATE JUDGE

### PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: March 13, 2008          Lisa C. Bartlett
                               Courtroom Deputy