**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

RICHARD GLANDA,
Personal Representative of
the Estate of Helen Glanda,
      Plaintiff,

vs.

TWENTY PACK
MANAGEMENT CORP,
et al.,
      Defendants.
_____/

CIVIL ACTION NO. 07-CV-13263

DISTRICT JUDGE SEAN F. COX

MAGISTRATE JUDGE MONA K. MAJZOUB

**OPINION AND ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL SUNRISE ASSISTED LIVING AT NORTH FARMINGTON HILLS, LLC TO PROVIDE FULL AND COMPLETE ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES DATED JANUARY 9, 2008 AND PLAINTIFF'S FIRST SET OF REQUESTS TO PRODUCE DATED JANUARY 9, 2008 (DOCKET NO. 31)**

This matter comes before the Court on Plaintiff's Motion to Compel Sunrise Assisted Living at North Farmington Hills, LLC to Provide Full and Complete Answers to Plaintiff's First Set of Interrogatories Dated January 9, 2008 and Plaintiff's First Set of Requests to Produce Dated January 9, 2008 filed on March 14, 2008. (Docket no. 31). Defendants filed a Response to Plaintiff's Motion on March 20, 2008. (Docket no. 35). Plaintiff filed a Statement of Unresolved Issues on April 13, 2008. (Docket no. 40). This motion was referred to the undersigned for decision pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket no. 33). The Court heard oral argument on this motion on April 23, 2008. The motion is therefore ready for ruling.

Plaintiff brings this action as the representative of the estate of an individual who was allegedly sexually accosted by a co-resident while residing at Defendant Sunrise Assisted Living at North Farmington Hills. Plaintiff brings a claim for negligence against Defendant Twenty Pack Management Corp. and Co-Defendant Sunrise Assisted Living Farmington Hills, LLC d/b/a Sunrise

Senior Living, Sunrise of North Farmington Hills and Sunrise Assisted Living at North Farmington Hills.

Plaintiff served its First Set of Interrogatories and First Set of Requests to Produce to "Defendant Sunrise" on January 9, 2008[1]. (Docket nos. 31-3, 31-4). On February 27, 2008 Plaintiff's counsel sent a letter to Defendants' counsel advising that the answers to Plaintiff's First Set of Interrogatories were overdue. (Docket no. 31-5). On March 14, 2008 Defendants' counsel contacted Plaintiff's counsel and notified counsel "that all Defendants with the possible exception of Twenty Pack Management Corporation, based solely on the Court's ruling denying Twenty Pack's Motion for Summary Judgment, were <u>incorrect</u> Defendants." (Docket no. 35 ¶ 2). Defendants also notified Plaintiff that Plaintiff was "at liberty" to add the managers of the facility, Sunrise Senior Living Management, Inc., as an additional Defendant and that discovery responses would be forthcoming if that entity was named as a Defendant and discovery requests directed to that entity. (Docket no. 35 ¶¶ 2, 7).

On March 14, 2008 Plaintiff filed a Motion to Compel answers and responses to its First Set of Interrogatories and First Set of Requests to Produce served on January 9, 2008. (Docket no. 31). Rule 37, Fed. R. Civ. P., allows the moving party to move for an order compelling the requested discovery. "Without leave of court or written stipulation, any party may serve upon any other party written interrogatories, not exceeding 25 in number . . ., to be answered by the party served or, if the party served is a public or private corporation or a partnership or association . . . , by any officer or agent, who shall furnish such information as is available to the party." Fed. R. Civ. P. 33(a). "Any

---

[1]The parties agree that Plaintiff served a set of Interrogatories on November 16, 2007 that exceeded 25. Fed. R. Civ. P. 33. Defendant objected and Plaintiff decreased the number of Interrogatories to eighteen.

party may serve on any other party a request (1) to produce . . . , any designated documents . . . , which constitute or contain matters within the scope of Rule 26(b) and which are in the possession, custody or control of the party upon whom the request is served . . . ." Fed. R. Civ. P. 34(a). Pursuant to Fed. R. Civ. P. 33 and 34, Defendant Sunrise Farmington Hills Assisted Living, LLC's answers, responses and objections to Plaintiff's Interrogatories and Requests to Produce were due within 30 days after service of the discovery requests. Defendant does not dispute that it did not timely respond.

Defendant Sunrise Farmington Hills Assisted Living, LLC with its d/b/a designations remains a party to this litigation and its objection that it is an "incorrect" defendant is not valid. Defendant Sunrise Farmington Hills Assisted Living, LLC did not move to dismiss and has not been dismissed from this action. Therefore, it is obligated to respond to discovery propounded pursuant to the Federal Rules of Civil Procedure. Fed. R. Civ. P. 26(b), 33(a), 34(a).

Although Plaintiff did not define "Defendant Sunrise" in its discovery requests and interrogatories, it is disingenuous for Defendants to now argue that they do not know to which Defendant the discovery requests are directed when the requests are directed to "Defendant Sunrise" and only one of the two defendants is named "Sunrise."[2]

---

[2] Defendant's counsel filed his appearance as counsel for "Defendant Sunrise Farmington Hills Assisted Living, LLC d/b/a Sunrise Senior Living, Sunrise of North Farmington Hills and Sunrise Assisted Living at North Farmington Hills." (Docket no. 3).

The interrogatories and requests to produce facially do not appear to be improper.[3] Defendant did not timely answer, respond or object to any of the Interrogatories or Requests to Produce. Plaintiff's Motion to Compel will be granted.

Plaintiff also requests an award of costs and fees incurred in bringing this motion. The Court will deny Plaintiff's Motion to Compel as to his request for costs and fees[4].

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel (docket no. 31) is **GRANTED** in part. Defendant Sunrise Farmington Hills Assisted Living, LLC shall serve full and complete answers and responses without objections to Plaintiff's First Set of Interrogatories and

---

[3]The interrogatories ask about corporate structure, ownership history and number of residents at the facility, prior lawsuits alleging injury as a result of care and treatment at the facility, whether Defendant is insured for the alleged occurrences and whether the case is being defended under any reservation of rights. The interrogatories also ask about allegations of comparative negligence and fault of Plaintiff, Plaintiff's family or unnamed parties, identity of witnesses, identity of document exhibits and identity of persons on duty or in Plaintiff's room at any time on September 25 and 26, 2005.

The Requests to Produce seek Defendant's marketing materials, experts' reports and curriculum vitae, Defendant's bylaws, rules and regulations and others on which Defendants may rely at trial, policies, procedures, guidelines, rules or protocols in effect at the time of the incident and relating to preventing physical and/or sexual abuse, documents illustrating the layout of the facility, reservation of rights letters sent to the defendant by any insurance carrier and insurance policies applicable to the incident. The Requests also seek photographs and recordings of Plaintiff's decedent, Plaintiff, Plaintiff's family or any person or witness involved in this case, incident and accident reports, state and federal inspections, investigations or citations and plans of correction relating to the occurrences, statements regarding the occurrence, records or reports of investigations concerning matters related to the incident and made by the defendant facility, or on its behalf, in the regular course of business or in preparation for litigation and documents showing the names of individuals working at the facility on September 25 and 26, 2005.

[4]Plaintiff's Motion to Allow a First Amended Complaint to Add Sunrise Senior Living, Inc. and Sunrise Senior Living Management, Inc. as Additional Defendants in This Matter was filed on March 14, 2008 and is set for hearing on April 24, 2008. (Docket nos. 37, 42).

First Set of Requests to Produce on or before May 7, 2008. Plaintiff's Motion to Compel costs and fees is denied.

**NOTICE TO THE PARTIES**

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: April 28, 2008     s/ Mona K. Mauozub
                          MONA K. MAJZOUB
                          UNITED STATES MAGISTRATE JUDGE


**PROOF OF SERVICE**

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: April 28, 2008     s/ Lisa C. Bartlett
                          Courtroom Deputy